O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIVEL VALDEZ,<br><br>                Plaintiff,<br>    v.<br>CENTENNIAL LEASING LLC,<br><br>                Defendant. | Case No. 2:11-cv-10359-ODW (AJWx)<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT [28] AND DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT [24]** |

Before the Court are Counter-Claimant Centennial Leasing LLC's April 2, 2012 Motion for Default Judgment against Counter-Defendant Marivel Valdez (ECF No. 24) and Valdez's April 23, 2012 Motion to Set Aside Default (ECF No. 28). For the following reasons, the Court **GRANTS** Valdez's Motion and **DENIES** Centennial's Motion as moot.

As a threshold matter, Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least 21 days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12. The hearing on Valdez's Motion was set for May 21, 2012. Counter-claimant Centennial Leasing LLC's opposition was therefore due by April 30, 2012.

1  As of the date of this Order, Centennial has not filed an opposition, nor any other
2  filing that could be construed as a request for a continuance. Centennial's failure to
3  oppose may therefore be deemed consent to the granting of Valdez's Motion.

4  Nevertheless, the Court has carefully considered Valdez's arguments in support
5  and finds her Motion to Set Aside Default supported by good cause, as required by
6  Federal Rule of Civil Procedure 55(c). "The 'good cause' standard that governs
7  vacating an entry of default under Rule 55(c) is the same standard that governs
8  vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v.
9  Huntington Rest. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citation omitted).
10 The district court's discretion, however, is "especially broad" with respect to setting
11 aside an entry of default, rather than a default judgment. *See Mendoza v. Wight
12 Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986); *Brady v. United States*, 211 F.3d
13 499, 504 (9th Cir. 2000).

14 The "good cause" analysis considers the following three, disjunctive factors: (1)
15 whether Valdez engaged in culpable conduct that led to the default; (2) whether
16 Valdez had a meritorious defense; or (3) whether setting aside the default would
17 prejudice Centennial. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696
18 (9th Cir. 2001). The Court finds that Valdez has successfully established that her
19 default was the result of excusable neglect, that she may have a meritorious defense to
20 Centennial's counterclaim, and that setting aside default would not prejudice
21 Centennial. Valdez's Motion to Set Aside Default is therefore **GRANTED**, and
22 default is hereby set aside. Valdez shall have 21 days from the date of this Order to
23 file an Answer or otherwise respond to Centennial's counter-claim.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Because the Court grants Valdez's Motion, Centennial's pending Motion for Default Judgment (ECF No. 24) is **DENIED AS MOOT**.  The May 21, 2012 hearing on both Motions is **VACATED**, and no appearances are necessary.

**IT IS SO ORDERED.**

May 1, 2012

                                  _____
                                     **HON. OTIS D. WRIGHT, II**
                                  **UNITED STATES DISTRICT JUDGE**